UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF IOWA

In re  
Keith Hamilton  
Debtor

Case No.: 10-02457-lmj13

Chapter 13 Plan  
Chapter:13

Social Security No.: xxx-xx-5006

**NOTICE**

**THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE SECTION 1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN. PAYMENTS WILL ONLY BE MADE TO CREDITORS WHO TIMELY FILE A PROOF OF CLAIM. FAILURE TO TIMELY FILE A PROOF OF CLAIM WILL RESULT IN NO PAYMENT.**

The Debtor proposes the following Chapter 13 Plan and makes the following declarations:

I. PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE

   The Debtor submits the following to the supervision and control of the Trustee.

   1. Future earnings or income of: $1900.00 per month.
      Payment period: as noted above
      Length of Plan (in months): 60

   2. Payor to be: Debtor

   3. Other property: NONE

   4. Amounts necessary for the payment of allowed post-petition claims under 11 U.S.C. sec. 1305.

II. TREATMENT OF CLAIMS

   1. Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. section 507, including:

      Trustee to receive: 10.00 %

      Attorney's fees to be paid through the Plan: per court order

      Allowed priority claims of the Internal Revenue Service and Iowa Department of Revenue estimated to be $3,000.00 in the aggregate. It may be that the IRS and IDOR will exceed this amount which will be the subject of a claim dispute.

   2. Claims set forth below are secured only by interests in real property that is the Debtor's principal residence. Defaults shall be cured and regular payments shall be made.

      None

3. The allowed secured claims set forth below shall be paid in full the value of the collateral. The balance of the claim shall be treated as unsecured. Each creditor shall retain its lien. The debtor is the owner of the property serving as collateral for payment of the secured claims. Debtor is aware of the condition of the collateral and knows its value. On the Plan filing date, the property has the value set forth below. The value is based upon disposition of said property in a commercially reasonable manner. The amount of the Creditor's claim in excess of the value shall be unsecured. Interest shall be calculated in accordance with the provisions of Article III, paragraph 9.

Internal Revenue Service
Total claim: 27,366.00
Collateral description: Real Estate
Estimated Arrearage: $27,366.00
Arrearage Payments to be made: By Trustee under the Plan

Iowa Department of Revenue
Total claim: 37,031.00
Collateral description: Real Estate
Estimated Arrearage: $37,031.00
Arrearage Payments to be made: By Trustee under the Plan

Iowa Workforce Development
Total claim: 2,388.00
Collateral description: Real Estate
Estimated Arrearage: $2,388.00
Arrearage Payments to be made: By Trustee under the Plan

4. Claims set forth below are secured or unsecured with the last payment due after the date on which the final payment under the Plan is due. Defaults shall be cured and regular payments shall be made.

None

5. The collateral on the following secured claims shall be surrendered to creditor and any deficiency balance shall be treated as unsecured:

None

6. Allowed unsecured claims not otherwise referred to in the Plan shall be treated as follows:

Unsecured claims are of one class and shall be paid on a pro rata basis, from all funds available after payment of secured, priority and administrative claims, estimated to be 19 percent.

7. Post-petition claims allowed under 11 U.S.C. sec. 1305, shall be paid in full in equal monthly installments, which installments commence on the date of the allowance of said claims and conclude on the last payment under the Plan.

III. OTHER PROVISIONS

1. The following executory contracts and unexpired leases are rejected:

None

2. The following claims are excluded, in whole or in part as indicated, and not provided for by the Plan:

   None

3. On the Chapter 13 Petition filing date, the following creditors have liens upon exempt property of Debtor:

   Flagstar Bank
   Northwest Bank
   Omaha Hardware and Lumber
   Veridian Credit Union

   In addition, the following creditors have non-possessory, non-purchase money security interests in Debtor's household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments or jewelry, described in the tabulation below, all of which are held for Debtor's use, or for the use of Debtor's family, or household, or dependents:

   None

   Debtor has claimed and is entitled to claim the property subject to said judicial liens and non-possessory, non-purchase money security interests as exempt under 11 U.S.C. sec. 522(b). To the extent that liens impair said exemptions allowed under applicable law, said liens shall be avoided.

4. The value as of the date of the filing of the Plan of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date. If a case under Chapter 7 were commenced, the results would be estimated as follows:

   | | |
   |---|---|
   | Fair market value of property of estate: | 311,940.00 |
   | Property securing debt: | 66,785.00 |
   | Exempt property: | 245,155.00 |
   | Available for distribution to unsecured: | 0.00 |
   | Priority unsecured claims: | 3,000.00 plus unknown (trustees fees and attorneys fees) |
   | Nonpriority unsecured claims: | 400,000.00 estimated |

5. The Debtor requests approval of payments over a period longer than three years, but not longer than five years. Cause exists for the payment over a period of more than three years, but not longer than five years, as follows:

   The longer plan period will make certain priority and secured are paid with an adequate distribution to unsecured creditors.

6. The Debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor proposes to use to complete this Plan. The Debtor is reasonably assured that said income and property is, and will continue to be, available to make the payments and complete the Plan.

7. This Plan complies with the provisions of Chapter 13 and all other applicable provisions of title 11 of the United States Code. Any fee, charge, or amount required to be paid under Chapter 123 of title 28 of the United States Code or required by the Plan to be paid before confirmation has or will be paid prior to confirmation. The Plan has been proposed in good faith and not by any means forbidden by law.

    8.    In the absence of written objection filed with the court and served upon Debtor's counsel and upon the Chapter 13 trustee and upon the U.S. trustee within the time permitted by the bar date notice served contemporaneously herewith, the court may confirm this chapter 13 Plan and accept the valuations and allegations asserted therein.

    9.    Other provisions:
Interest on all secured claims, except those paid outside the plan, shall be paid in accordance with the rate established by In Re Till. For purposes of this plan, said rate shall be 5.25% per annum

IV.    REVESTMENT OF THE PROPERTY IN DEBTOR

Property of the estate shall revest in the debtor at such time as a discharge is granted or the case is dismissed. In the event the case is converted to a case under Chapter 7 or 11 of United States Code, property of the estate shall vest in accordance with applicable law.

                      GARTEN & WANEK

            BY    /s/ Jerrold Wanek
                    Jerrold Wanek #IS9998937
                    505 – 5th Ave, Suite 835
                    Des Moines, IA 50309-2317
                    Telephone: (515) 243-1249
                    Facsimile:   (515) 244-4471
                    Attorney for Debtor

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Des Moines, Iowa.

Executed on: May 27, 2010          /s/ Keith A. Hamilton
                                      Keith A. Hamilton, Debtor

## *Certificate of Service*

*The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the following parties and attorneys at the addresses shown below, and disclosed by the pleadings of record herein, by electronic mail and/or enclosing same in an envelope addressed to each such person, with postage fully paid, and by depositing said envelope in the United States Post Office depository in Des Moines, Iowa, on the 27th day of May 2010.*

      /s/ Jerrold Wanek
      Jerrold Wanek IS9998937

U.S. Trustee
Federal Office Building
210 Walnut, Suite 793
Des Moines, IA 50309

Elizabeth Goodman
Chapter 13 Office
505-5th Ave, Suite 520
Des Moines, IA 50309