## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:   KEITH ALAN HAMILTON,<br><br>Debtor. | Case No. 10-02457-lmj13 |

### OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

**COMES NOW**, Northwest Bank ("**Bank**"), by and through its counsel of record, Kara M. Sinnard of Whitfield & Eddy, P.L.C., and states as follows for its Objection to Confirmation Chapter 13 Plan ("**Plan**") filed by the debtor, Keith Alan Hamilton ("**Debtor**"):

1. The Debtor filed a Chapter 13 Bankruptcy Petition on May 12, 2010, and Albert C. Warford was appointed Trustee.

2. Debtor is the owner of the following described real property:

*Lot 1 in Ber-Oak Acres, and except Ber-Oak Acres Plat 2 – Outlot X Ber-Oak Acres, an Official Plat, now included in and forming a part of the City of Ankeny, Polk County, Iowa.*

3. The Debtor is obligated to the Bank by virtue of a promissory note ("**Note**") with an original credit limit of $40,000.00 executed and delivered to the Bank on or about January 19, 2005. This Note is secured by a real estate mortgage on the property described in paragraph 2, which was filed with the Polk County Recorder on February 2, 2005, in Book 10924, Page 28.

4. The Debtor is in default of the obligations owing the Bank for failure to make payments when due. The Bank had accelerated the obligations prior to the filing of the Debtor's bankruptcy petition; however, the arrearage due under the Note at the time the case was filed was $3,366.40.

5.  The Bank's mortgage is a second mortgage on the property described in paragraph 2.

6.  If the Bank's claim is secured, the Debtor has to cure the default owed to the Bank pursuant to 11 U.S.C. §1322(c) within a reasonable time.

7.  The Debtor's Plan does not provide for a method to cure the default nor does the Plan specify if the Bank's claim is being treated as a secured debt or unsecured debt under the Plan so that the Bank can determine its treatment under the Plan.

8.  Given the Debtor's default of his obligations to the Bank and the indefinite treatment of the Bank under the Plan, the Plan does not comply with the provisions of 11 U.S.C. §1322.

**WHEREFORE,** Northwest Bank respectfully requests that the Court enter an Order holding that Northwest Bank's Objection to Confirmation of Debtor's Plan is sustained due to the Plan's failure to be consistent with 11 U.S.C. §1322.

Northwest Bank further requests that the Court grant it such other and additional relief as is just and equitable.

>  WHITFIELD & EDDY, P.L.C.
>  317 Sixth Avenue, Suite 1200
>  Des Moines, Iowa  50309-4195
>  Telephone:  (515) 288-6041
>  Facsimile:  (515) 246-1474
>  Email: sinnard@whitfieldlaw.com
>
>  By:  /s/  Kara M. Sinnard
>     Kara M. Sinnard          9999219
>
>  ATTORNEY FOR NORTHWEST BANK

Original filed.

2

Copies to:

Jerrold Wanek
835 Insurance Exchange Bldg.
505 Fifth Avenue
Des Moines, Iowa 50309
ATTORNEY FOR DEBTOR

Albert C. Warford
505 5th Avenue, Suite 520
Des Moines, IA 50309
TRUSTEE

US TRUSTEE
Federal Bldg, Room 793
210 Walnut Street
Des Moines, Iowa 50309

## CERTIFICATE OF SERVICE

The foregoing instrument was served upon all parties listed herein either by electronic mail as shown by the Notice of Electronic Filing through CM/ECF system or be depositing a copy thereof to each of the parties not served via electronic mail in US Mail, postage prepaid, an envelope addressed to each of the parties at their respective addresses on June 30, 2010. The undersigned declares on penalty of perjury that the foregoing is true and correct.

      /s/   *Kara M. Sinnard*
Kara M. Sinnard